SUCCESSORS OF HILARIO SANTOS, PLAINTIFFS AND APPELLEES, *v.* MORÁN, DEFENDANT AND APPELLANT.

Appeal from the First District Court of San Juan in Foreclosure Proceedings.

No. 2958.—Decided June 18, 1923.

APPEAL—ASSIGNMENT OF ERRORS—JUDGMENT.—An assignment of errors is always necessary although the judgment is one overruling a demurrer, because generally in such a case the appeal may involve a question regarding the form of the judgment, of its amount or of the costs.

ID.—MORTGAGE—PURCHASE AND SALE—ASSUMPTION OF PAYMENT—PLEADING.—A cause of action is stated in a complaint in an ordinary action by a mortgagee against the vendee of the mortgaged property to recover the part of the purchase price retained by the latter for the payment of the mortgage and in which it is alleged that the defendant assumed the payment of the mortgage.

The facts are stated in the opinion.
*Messrs. Monserrat & Monserrat* for the appellant.

*Mr. F. Soto Gras* for the appellees.

Mr. Justice Wolf delivered the opinion of the court.

In this case not only has the appellant not filed an assignment of errors, but he has failed to assign even a single error. It is true that he appeals from a judgment overruling a demurrer, but even in such case the appeal might involve a question of the form of the judgment, of the amount of the same or of the costs. An assignment of errors should always be filed. The appellant, however, attacks the sufficiency of the complaint and, as this is a fundamental question, we shall exercise our discretion to consider it.

The appellant maintains that the holder of a mortgage credit has no personal action against the purchaser of the mortgaged property, the creditor having elected to file suit against such purchaser. To carry out this idea he insists that the complaint contains no averment to establish a personal relation between the creditor and the purchaser. Furthermore, he maintains that if the mortgaged premises are insufficient to pay the debt, there was no obligation created on his part to pay the difference. Some argument there was too, at the hearing, to the effect that the improvements on a property thus mortgaged belonged to the purchaser and were not subject to a foreclosure.

We have some doubts in favor of appellant. Perhaps there may be cases where the purchaser buying a piece of property could not be placed in the shoes of the debtor. In this case, however, the complaint set up the fact that the purchaser assumed the mortgage as part of the purchase price, and in such case the responsibility of the purchaser is personal.

We are somewhat inclined to think that sections 1171 *et seq.* of the Civil Code are applicable and especially section 1173, as follows:

"Sec. 1173.—Novation, consisting in the substitution of a debtor

in the place of the original one, may be made without the knowledge of the latter, but not without the consent of the creditor.''

Here the purchaser assumed the obligation and the creditor is electing to sue him. There would be a clear novation if the creditor released the original debtor, a point on which we are not so sure.

In any event the complaint in this case sets forth as follows:

''5.—That by deed No. 217 of May 26, 1922, executed before notary Damián Monserrat Suro, the mercantile firm of Fernández & Co. sold to the defendant Cecilio Morán the mortgaged property, the latter assuming the mortgage herein stated as part of the purchase price.''

This would give the creditor, if nothing else, a quasi contract in accordance with section 1788 of the Civil Code as follows:

''Sec. 1788.—Quasi contracts are licit and purely voluntary acts by which the authors thereof become obligated with regard to a third person, and sometimes, by which there results a reciprocal obligation between the parties concerned.''

Likewise section 1224 of the Civil Code has application as follows:

''Sec. 1224.—Contracts shall only be valid between the parties who execute them and their heirs, except, with regard to the latter, the case in which the rights and obligations arising from the contract are not transmissible, either by their nature, or by agreement, or by provision of law.

''Should the contract contain any stipulation in favor of a third person, he may demand its fulfilment, provided he has given notice of his acceptance to the person bound before it may have been revoked.''

By filing a suit if not in other ways the creditor accepted the benefit of the stipulation in his favor before the stipulation was revoked.

See for the bearing it may have *Keller* vs. *Ashford*, 133 U. S. 610, where the equitable principles governing similar situations are set forth.

The judgment appealed from must be

*Affirmed.*

Chief Justice Del Toro and Justices Aldrey and Hutchison concurred.

Mr. Justice Franco Soto took no part in the decision of this case.